Justin Cilenti, Esq.
Peter Hans Cooper, Esq.
CILENTI & COOPER, PLLC
60 East 42nd Street – 40th Floor
New York, NY 10165
T. (212) 209-3933
F. (212) 209-7102
E-mail: pcooper@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| MARTIMIANO SANTIAGO MENDEZ, *on behalf of himself, and others similarly situated,* | Case No.: 22 CV 9575 |
| Plaintiff, | **COMPLAINT in an FLSA ACTION** |
| -against- | |
| PARKWAY COFFEE SHOP, INC. *doing business as* THE PARKWAY CAFE, *and* NICOLAS CUCOLO *and* ANDREW CUCOLO, *individually,* | ECF Case<br><br>Jury Trial Demand |
| Defendants. | |

---

Plaintiff, Martimiano Santiago Mendez ("Plaintiff"), on behalf of himself, and other similarly situated employees, by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against Defendants, Parkway Coffee Shop, Inc., *doing business as* The Parkway Cafe (herein, "The Parkway Cafe"); or any predecessor, successor or related business entity doing business as The Parkway Cafe, located at 52 East Parkway, Scarsdale, New York 10583; and Nicolas Cucolo and Andrew Cucolo, individually (defendants collectively referred to herein as the "Defendants"), and states as follows:

### INTRODUCTION

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid wages

and overtime compensation; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid wages and overtime compensation; (2) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 201 et seq. ("FLSA"), 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and, 1337, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391, because the conduct making up the basis of the complaint took place in this judicial district.

## THE PARTIES

### *THE PLAINTIFF*

5. Plaintiff is an adult resident of Bronx County, in the City of New York.

6. Plaintiff was an employee of Parkway Coffee Shop, Inc. doing business as The Parkway Cafe, in Westchester County, New York, and worked there beginning in or about 1997, through on or about November 1, 2022, without interruption except for approximately two (2) months in March / April 2020, when the restaurant was closed.

### *THE DEFENDANTS*

7. At all relevant times, Defendant, Parkway Coffee Shop, Inc., was and is a domestic business entity organized and existing under the laws of the State of New York, doing business as The Parkway Cafe, located at 52 East Parkway, Scarsdale, New York 10583.

8. Defendant Nicolas Cucolo is an owner, shareholder, officer, director, supervisor, and/or managing agent, of the corporate defendant, Parkway Coffee Shop, Inc., who actively participated, and continues to participate in the day-to-day operations of the corporate defendant, and acted intentionally and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Parkway Coffee Shop, Inc.

9. Defendant Andrew Cucolo is an owner, shareholder, officer, director, supervisor, and/or managing agent, of the corporate defendant, Parkway Coffee Shop, Inc., who actively participated, and continues to participate in the day-to-day operations of the corporate defendant, and acted intentionally and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Parkway Coffee Shop, Inc.

10. The individual defendants Nicolas Cucolo and Andrew Cucolo, exercised control over the terms and conditions of Plaintiff, and other similarly situated employees' employment, in that they had and have the power and authority to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of his employees, including Plaintiff, and (v) otherwise affect the quality of their employees' employment.

11. Defendant, Nicolas Cucolo, creates and implements crucial business policies, including decisions concerning the number of hours the employees are required to work, the amount of pay that the employees are to receive, and the method and manner by which the employees are paid. He is present in the restaurant daily and personally directs the workers at his establishment, including Plaintiff.

12. Defendant, Andrew Cucolo, creates and implements crucial business policies, including decisions concerning the number of hours the employees are required to work, the amount of pay that the employees are to receive, and the method and manner by which the employees are paid. He is present in the restaurant daily and personally directs the workers at his establishment, including Plaintiff.

13. Defendant Nicolas Cucolo exercised sufficient control over The Parkway Cafe's day-to-day operations as to be considered an employer of Plaintiff, and other similarly situated employees, under the FLSA and New York Labor Law.

14. Defendant Andrew Cucolo exercised sufficient control over The Parkway Cafe's day-to-day operations as to be considered an employer of Plaintiff, and other similarly situated employees, under the FLSA and New York Labor Law.

15. At relevant times, Defendants knowingly and willfully failed to pay Plaintiff lawfully earned wages, and overtime compensation, in contravention of the FLSA and New York Labor Law.

16. Upon information and belief, at all times relevant to the allegations in this Complaint, the corporate defendant, Parkway Coffee Shop, Inc., was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

17. At all relevant times, Parkway Coffee Shop, Inc., was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

18. At relevant times, Defendant Parkway Coffee Shop, Inc., had an annual gross volume of sales in excess of $500,000.

19. Defendants employed Plaintiff in Westchester County, New York, as a cook, at a restaurant owned and operated by the corporate and individual defendants.

20. The work performed by Plaintiff was directly essential to the restaurant operated by the corporate and individual Defendants.

21. At relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

22. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff, and other similarly situated employees, lawfully earned wages, and overtime compensation, in contravention of the FLSA and New York Labor Law.

## STATEMENT OF FACTS

23. Plaintiff, Martimiano Santiago Mendez, was employed by Defendants in Westchester County, New York, as a cook, at Defendants' restaurant known as "The Parkway Cafe", beginning in 1997, through on or about November 2, 2022, with the exception of approximately two (2) months during the beginning of the Covid-19 pandemic.

24. During his employment, Plaintiff Martimiano Santiago Mendez, worked over forty (40) hours per week.

25. During his employment, Martimiano Santiago Mendez, worked six (6) days per week.

26. During his employment, Plaintiff's typical schedule was 7:00 a.m. until 4:30 p.m., six (6) days per week. His day off was Thursdays.

27. Plaintiff was not a tipped employee.

28. During the last six (6) years of his employment, Plaintiff was paid a "daily" wage of one hundred sixty dollars ($160.00) per day, which was raised to one hundred ninety dollars ($190.00) per day, in approximately June 2022, through the end of his employment in November 2022.

29. Plaintiff's compensation did not fluctuate based on the number of hours he worked each week.

30. Plaintiff was not paid overtime compensation.

31. Plaintiff did not punch a time clock.

32. Plaintiff worked in excess of forty (40) hours per week but was not paid at time and one-half his regular rate of pay as required by state and federal law.

33. Plaintiff was not provided with a wage statement, detailing his hours worked, his hourly rate of pay, the basis for his compensation, itemizing any withholdings, and setting forth his net pay.

34. Plaintiff was not given any accounting of his weekly hours and pay.

35. At all times relevant to this action, Plaintiff was paid his wages by cash.

36. Plaintiff was not provided a "wage statement" or pay stub documenting his weekly compensation.

## STATEMENT OF CLAIM
### COUNT I
### [Violation of the Fair Labor Standards Act]

37. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "36" of this Complaint as if fully set forth herein.

38. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce

within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

39. At all relevant times, Defendants employed Plaintiff and other similarly situated employees, within the meaning of the FLSA.

40. Upon information and belief, at all relevant times, Defendants had gross revenues in excess of $500,000.

41. Plaintiff and other similarly situated employees worked hours for which they were not paid any wages.

42. At all relevant times, Defendants had a policy and practice of refusing to pay wages to Plaintiff, for some of the hours he worked.

43. Plaintiff, and others similarly situated, were entitled to be paid at the rate of time and one-half his regular rate of pay for all hours worked in excess of forty (40) each workweek.

44. The Defendants failed to pay Plaintiff, and others similarly situated, wages for all hours worked, and overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

45. At all relevant times, each of the Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and other similarly situated employees, for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

46. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and other similarly situated employees, at the statutory overtime rate of time and one-half, for all hours worked in excess of forty (40) hours

per week, when they knew or should have known such was due and that non-payment of wages and overtime pay would financially injure them

47. The Defendants have failed to make, keep and preserve accurate records with respect to Plaintiff and other employees, sufficient to determine the wages, hours and other conditions and practices of employment, in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

48. Records concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff may be false or inaccurate.

49. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

50. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

51. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

52. Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

53. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "52" of this Complaint as if fully set forth herein.

54. At all relevant times Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

55. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff for all hours worked.

56. The corporate and individual Defendants knowingly and willfully violated Plaintiff's rights by failing to pay overtime compensation at rates of not less than one and one-half times his regular rate of pay, for each hour worked in excess of forty (40) hours in a workweek.

57. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants unpaid wages, unpaid overtime compensation, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
### [Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]

58. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "57" of this Complaint as if fully set forth herein.

59. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

60. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

61. Defendants did not provide Plaintiff, with an accurate written statement properly accounting for his actual hours worked, and setting forth his true hourly rate of pay, regular wages, and/or overtime wages.

62. Upon information and belief, Defendants' record keeping practices were intended to, and did in fact, disguise the actual number of hours the employees worked, in order to avoid paying him for his full hours worked; and, overtime due.

63. Defendants disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate timesheets and payroll records.

64. Plaintiff and other similarly situated employees, were not provided with true and accurate wage statements as required by law.

65. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

66. As a result of Defendant's violations of New York Labor Law § 195(3), Plaintiff may recover damages of one hundred dollars for each work week Defendants failed to provide Plaintiff with wage notices, not to exceed a total of five thousand dollars ($5,000), together with costs and reasonable attorney's fees in accordance with New York Labor Law § 198 (1-d).

67. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself, and other similarly situated employees, respectfully requests that this Court grant the following relief:

(a) An award of unpaid wages and overtime due under the FLSA and New York Labor Law;

(b) An award of statutory damages for failure to provide wage notices and wage statements, pursuant to the New York State Wage Theft Prevention Act;

(c) An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(d) An award of prejudgment and post-judgment interest;

(e) An award of costs and expenses associated with this action, together with reasonable attorneys' fees;

(f) Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues.

Dated: New York, New York
November 9, 2022

Respectfully submitted,

CILENTI & COOPER, PLLC
**Counsel for Plaintiff**
60 East 42nd Street – 40th Floor
New York, NY 10165
Telephone (212) 209-3933
Facsimile (212) 209-7102
E-mail: pcooper@jcpclaw.com

By: _____
Peter Hans Cooper (PHC 4714)

## NOTICE OF INTENTION TO ENFORCE MEMBER
## LIABILITY FOR SERVICES RENDERED

To: Nicolas Cucolo
      Andrew Cucolo

      PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Martimiano Santiago Mendez intends to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Parkway Coffee Shop, Inc., dba The Parkway Cafe, for all debts, wages and / or salaries due and owing to him as laborers, servants, and / or employees of said corporations, for services performed for said corporation within six (6) years preceding the date of this notice, and has expressly authorized the undersigned, as his attorney, to make this demand on her behalf.

Dated: New York, New York
          November 8, 2022

                                          Respectfully submitted,

By: _____
                        Peter H. Cooper (PHC 4714)

                CILENTI & COOPER, PLLC
                **Counsel for Plaintiff**
                60 East 42nd Street – 40th Floor
                New York, NY 10165
                Telephone (212) 209-3933
                Facsimile (212) 209-7102
                E-mail: pcooper@jcpclaw.com

## CONSENT TO SUE UNDER FAIR LABOR STANDARDS ACT

I, Santiago Mendez, am an employee currently or formerly employed by Parkway Cafe, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
November 9, 2022

_____
Santiago Mendez