UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

MARTIMIANO SANTIAGO MENDEZ, *on behalf of himself, and others similarly situated,*

                Plaintiff,

    -against-

PARKWAY COFFEE SHOP, INC. *doing business as* THE PARKWAY CAFÉ, *and* NICOLAS CUCOLO *and* ANIDREW CUCOLO, *individually*,

                Defendants.

----------------------------------------------------------X

**ORDER**

22 Civ. 9575 (JCM)

       Plaintiff Martimiano Santiago Mendez commenced this action against Parkway Coffee Shop, Inc., Nicolas Cucolo, and Andrew Cucolo (collectively, "Defendants"), alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and the New York Labor Law, § 190, *et seq.*, (Docket No. 1). On March 3, 2023, Jennifer Donoso filed a Consent to Become a Party Plaintiff in this action. (Docket No. 20). On March 24, 2023, David Hernandez Garcia filed a Consent to Become a Party Plaintiff in this action. (Docket No. 21).

       On December 20, 2023, the parties submitted a Settlement Agreement and Release of Claims ("Agreement") for the Court's review, (Docket No. 59-4), accompanied by a joint letter motion in support of the Agreement, (Docket No. 59), as well as attorney time records, including hourly rates, tasks, and costs, (Docket No. 59-5).[1] On April 9, 2024, the Court issued an Order notifying the parties that the Agreement was "devoid of 'an actual bottom-line statement of the dollar amount that each of the named plaintiffs would receive from the proposed settlement.

---

[1] On March 27, 2024, the parties consented to the jurisdiction of the undersigned over this matter for all purposes pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (Docket No. 61).

1

This omission . . . leaves the Court in a position in which it cannot discharge its duty to determine whether the settlement amount is fair and reasonable as to each of the named plaintiffs." (Docket No. 62) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 177 (S.D.N.Y. 2015)). Thereafter, the parties filed a revised Settlement Agreement and Release of Claims ("Revised Agreement") for the Court's review. (Docket No. 63-1). The Revised Agreement corrected the problem raised by the Court in its April 9, 2024 Order, by clearly stating the dollar amount that Plaintiffs Martimiano Santiago Mendez, Jennifer Donoso, and David Hernandez Garcia (collectively, "Plaintiffs"), will each receive.

"In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citations omitted). "The ultimate question is whether the proposed settlement reflects a fair and reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Id.* (internal quotations and citations omitted).

Here, the parties engaged in contentious settlement negotiations, including meeting with a mediator once, and attending two settlement conferences before the undersigned. Furthermore, based on my review of the record in this case, I find that the Revised Agreement was the product of arm's-length negotiations between able counsel, and that the terms of the Revised Agreement,

including an award of Plaintiffs' counsel's fees in the amount of one-third of the total settlement amount,[2] are a fair and reasonable resolution of the case. *See Johnson v. Brennan*, No. 10 Civ. 4712(CM), 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.") (citations omitted). Accordingly, after considering all of the *Wolinsky* factors, the Court approves the Revised Agreement and dismisses the matter with prejudice.

The Clerk is respectfully requested to terminate the pending motion (Docket No. 59), and close the case. The Court will retain jurisdiction for the limited purpose of enforcing the settlement agreement.

Dated: May 7, 2024
       White Plains, New York

                                              **SO ORDERED:**

                                              _/s/ Judith C. McCarthy_
                                              JUDITH C. McCARTHY
                                              United States Magistrate Judge

---

[2] Plaintiffs' counsel is waiving costs incurred in the amount of $1,584. (Docket No. 56, at 5).